UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| AARON M. MUHAMMAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 4:14-cv-00087-RLY-WGH |
| ) | |
| JEFFBOAT AMERICAN COMMERCIAL ) | |
| LINES, and GENERAL DRIVERS, ) | |
| WAREHOUSEMEN & HELPERS, ) | |
| LOCAL UNION NO. 89, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON PENDING MOTIONS**

Plaintiff, Aaron M. Muhammad, a former employee of Jeffboat LLC[1], filed a *pro se* Complaint against Jeffboat and the General Drivers, Warehousemen & Helpers, Local Union No. 89 ("Local 89"), alleging he was discriminated against "by being subjected to harassment and being denied recall rights [and] benefits" and "retaliated against for [his] race being Black," in violation of Title VII of the Civil Rights Act of 1964. Jeffboat and Local 89 separately move to dismiss or, in the alternative, move for summary judgment, regarding all claims made against them. Plaintiff also moves for the appointment of counsel under 28 U.S.C. § 1915(e)(1). For the reasons set forth below, the court

---

[1] Jeffboat is erroneously identified in Plaintiff's Complaint as Jeffboat American Commercial Lines.

1

**GRANTS** the Defendants' motions for summary judgment, and **DENIES** Plaintiff's motion for appointment of counsel.

I.   Background

Plaintiff[2] was sporadically employed at Jeffboat during the period of July 17, 1972, to November 16, 1984, when he was laid off, along with several other employees, in connection with a reduction in the workforce. (Filing No. 18-1, Affidavit of Kathy Watson ("Watson Aff.") ¶ 7). As a Jeffboat employee, Plaintiff was a member of Local 89. Plaintiff's recall rights under the collective bargaining agreement expired on May 17, 1988. (*Id.*). Plaintiff was also a participant in the Jeffboat Hourly-Rated Employees' Pension Plan ("Plan"). (Filing No. 14-3, Affidavit of Jim Kincaid, ¶ 9; Watson Aff. ¶ 9). Jeffboat serves as the administrator of the Plan. (Watson Aff., Ex. 1, Pension Plan, Article VI, Section 6.01).

During his employment with Jeffboat, Plaintiff filed several charges with the Equal Employment Opportunity Commission ("EEOC") and participated in a class action lawsuit against the Company. (Complaint at 3). The lawsuit, *Mozee v. American Commercial Marine Service Company*, 746 F.2d 365 (7th Cir. 1984), was filed in 1977 and alleged that Jeffboat discriminated against its African-American employees in all aspects of the employment relationship. (Watson Aff. ¶ 13). As a result of the settlement dated November 12, 1993, Plaintiff received a lump sum award. (*Id.* ¶ 14). In calculating the amount of settlement proceeds that each class member received, every

---

[2] Plaintiff's employment records show his legal name as Aaron Keith Moore. (Watson Aff. ¶ 8).

class member was deemed, solely for the purpose of calculating the settlement payment, to have "one year" for each year during which the class member had worked at least one day. (*Id.* ¶ 15).

At the time of Plaintiff's separation from Jeffboat in 1984, he had accrued a total of 4.1 years of credited service under the Plan. (*Id.* ¶ 10). Credited service is only earned during periods of actual work for which the employee was compensated. (*Id.*). At that time, in order to be eligible for retirement benefits under the Plan, an employee must have accrued at least 8.5 years of credited service. (*Id.* ¶ 12).

In July 1994, Plaintiff retained an attorney and made a claim for disability benefits under the Plan. (*Id.* ¶ 16). On September 1, 1994, Plaintiff's claim was denied because Plaintiff lacked the necessary years of credited service to be eligible for disability benefits under the Plan. (*Id.* ¶ 18). Plaintiff apparently believed that his years of credited service would be calculated under the Plan in the same manner that they were calculated for purposes of determining his settlement sum. (*Id.* ¶ 17). Plaintiff never appealed the denial of disability benefits under the Plan. (*Id.* ¶ 18).

In the fall of 2013, Plaintiff contacted Kathy Watson, Benefits Administrator for American Commercial Lines, Inc., the parent company of Jeffboat LLC, to inquire about his eligibility for retirement benefits under the Plan. (*Id.* ¶ 19). Watson sent Plaintiff a copy of the letter that was previously sent to Local 89 on April 12, 2000, explaining that Plaintiff was not entitled to retirement benefits under the Plan, as he did not have sufficient credited service to become vested in the Plan. (*Id.* ¶ 20).

On March 6, 2014, Plaintiff filed a charge of discrimination with the EEOC. On May 7, 2014, the EEOC issued a Dismissal and Notice of Rights letter to Plaintiff, informing him that his charge was being dismissed as untimely. (Filing No. 18-2, EEOC Dismissal and Notice of Rights). This lawsuit followed.

## II.  Discussion

### A.  Motions for Summary Judgment

The parties each filed evidence in support of their respective motions; accordingly, the court will treat this motion as one for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 12(d). That rule provides that a properly filed motion for summary judgment shall be granted if there is no genuine issue of material fact. Fed. R. Civ. P. 56(c).

Title VII claims for race discrimination and retaliation must be filed with the EEOC or the applicable state agency within 300 days of the alleged violation. *Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 475-76 (7th Cir. 2009). Failure to timely file an administrative charge is an affirmative defense; as such, Defendants have the burden to establish the absence of a genuine dispute over whether Plaintiff's charge was timely filed. *Id*. Here, Plaintiff's charge is based on events that occurred during his employment over thirty years ago. It is clearly too late. Therefore, as a matter of law, Plaintiff is precluded from bringing a civil rights action against the Defendants.

To the extent Plaintiff is bringing a claim for the denial of retirement benefits under the Plan pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1132(a)(1)(B), Plaintiff's claim fails for two reasons. First, the

4

proper defendant in a suit for benefits under ERISA is the Plan itself. *Feinberg v. RM Acquisition, LLC*, 629 F.3d 671, 673 (7th Cir. 2011). Here, Plaintiff brought suit against Jeffboat, the Plan administrator. Second, based on the plain language of the Plan, he is not eligible for retirement benefits. Therefore, Plaintiff's ERISA claim fails as a matter of law.

      **B.**      **Motion for the Appointment of Counsel**

Under 28 U.S.C. § 1915(e)(1), a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Pruitt v. Mote,* 503 F.3d 647, 649 (7th Cir. 2007). "When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Id.* at 654–55. Another consideration is whether the assistance of counsel would provide substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Id.* at 654; *see also Santiago v. Walls,* 599 F.3d 749, 761 (7th Cir. 2010) ("If a court's denial of counsel 'amounts to an abuse of its discretion, we will reverse only upon a showing of prejudice.'") (quoting *Pruitt*, 503 F.3d at 659)).

The court previously denied this motion as premature because, at that time, Defendants had not filed an Answer, and thus, the issues and Plaintiff's ability to present his case were not discernable. (*See* Filing No. 9, Entry on Plaintiff's Renewed Motion for Appointment of Counsel). Plaintiff's renewed motion asserts that he has contacted

5

four law firms, but was (apparently) unable to recruit counsel.  The court finds Plaintiff made a reasonable effort to secure representation.

The court's task in the second inquiry is to analyze the Plaintiff's abilities regarding "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial."  *Pruitt*, 503 F.3d at 655.  The issues raised in the present motions are not complex.  In addition, Plaintiff has litigated these issues before.  Therefore, he should be in possession of the type of documents he needs to support his claims.  Accordingly, the court **DENIES** Plaintiff's request for the appointment of counsel.[3]

---

[3] As a final note, after the court ordered the Defendants to provide Plaintiff notice of his right to respond to Defendants' motions for summary judgment pursuant to Local Rule 56-1(k), the Magistrate Judge held a telephonic status conference on February 6, 2015, during which he encouraged Plaintiff to continue his efforts to seek counsel.  (*See* Filing No. 27, Order on Telephonic Status Conference).  The Magistrate Judge also posted on the court's website a request for pro bono counsel to members of the New Albany bar.  (*See id.*).  Finally, the Magistrate Judge informed Plaintiff that, if these efforts to obtain counsel were not forthcoming, he must file his responses to the Defendants' motions no later than April 20, 2015.  (*Id.*).  Plaintiff did not obtain counsel and did not file responses to the pending motions.  Moreover, Plaintiff failed to appear at the Magistrate Judge's telephonic status conference held on August 11, 2015, and counsel for Defendants reported that there has been no contact with Plaintiff.  (Filing No. 29, Order on Telephonic Status Conference).  It thus appears that Plaintiff has lost interest in his case.

### III. Conclusion

The court finds no genuine issue of material fact exists and that Defendants are entitled to judgment as a matter of law.  Defendants' Motions for Summary Judgment (Filing Nos. 14, 17) are **GRANTED** and Plaintiff's Motions to Reconsider Order on Appointment of Counsel (Filing Nos. 16, 24) are **DENIED**.

**SO ORDERED** this 25th day of August 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically Distributed to Registered Counsel of Record.

Copy to:

Aaron M. Muhammad
P.O. Box 4082
Jeffersonville, IN  47131